■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM D. KEMP, Appellant. [47 NYS3d 810]—

Lynch, J. Appeal from an order of the County Court of Washington County (McKeighan, J.), entered August 13, 2015, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to possessing a sexual performance by a child and was sentenced to 10 years of probation. The District Attorney prepared a risk assessment instrument (hereinafter RAI) pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C; Correction Law § 168-d [3]) that presumptively classified defendant as a risk level two sex offender (80 points). At the hearing, defendant stipulated to the RAI score but requested a downward departure, which the People opposed. County Court adopted the RAI score, denied defendant's request for a downward departure and classified defendant as a risk level two sex offender. Defendant now appeals, challenging the denial of his request for a downward departure.

---

Defendant contends that, inasmuch as he was assessed 20 points under risk factor 7 (relationship to the victim) and his crime involved child pornography, a downward departure to a risk level one classification was warranted. The Court of Appeals has found that an anomaly exists in assessing points to child pornography offenders under risk factor 7 in the RAI, in that the absence of a previous relationship between the offender and children pictured in pornographic images may not normally heighten the risk that the offender presents to the community, whereas a situation in which "the offender and the children are acquainted would seem to present a greater threat to the community, not a lesser one" (*People v Johnson*, 11 NY3d 416, 418-419 [2008] [emphasis omitted]; *see People v Gillotti*, 23 NY3d 841, 853-860 [2014]). The Court further concluded that such an anomaly may result in an overestimation of a child pornography offender's risk of reoffense and danger to the public (*see People v Gillotti*, 23 NY3d at 853-860; *People v Johnson*, 11 NY3d at 419-421; *compare People v Marrero*, 37 Misc 3d 429 [Sup Ct, NY County 2012]). While the Court concluded that, despite the anomaly, the plain language of the guidelines of the Board of Examiners of Sex Offenders authorizes the assessment of points against child pornography offenders under risk factor 7, it further stated that, "in deciding a child pornography offender's application for a downward departure, a [Sex Offender Registration Act] court should, in the exercise of its discretion, give particularly strong consideration to the possibility that adjudicating the offender in accordance with the guidelines point score and without departing downward might lead to an excessive level of registration" (*People v Gillotti*, 23 NY3d at 860).

In denying the request for a downward departure, County Court found that points were properly assessed under risk factor 7, but did not take into consideration the potential overestimation of defendant's risk of reoffense and the danger to the public created by the assessment of those points. Accordingly, the matter must be remitted for the court to determine whether such an overestimation was created and whether a downward departure is therefore warranted. We express no opinion as to the merits of defendant's request for a downward departure.

McCarthy, J.P., Garry, Rose and Aarons, JJ., concur. Ordered that order is reversed, on the law, without costs, and matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision.