■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEATH E. JUNE, Appellant. [54 NYS3d 253]—

Appeal from an order of the Oswego County Court (Donald E. Todd, J.), dated March 10, 2014. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, County Court did not err in assessing 20 points against him under the risk factor for a continuing course of sexual misconduct. " '[T]he court was not limited to considering only the crime of which defendant was convicted in making its determination' " (*People v Davis*, 145 AD3d 1625, 1626 [2016]). Here, we conclude that the reliable evidence presented at the hearing, including the victim's grand jury testimony and her statement to the police, was "sufficient to establish that defendant engaged in a continuing course of sexual misconduct with that victim" (*People v Whyte*, 89 AD3d 1407, 1408 [2011]; *see generally People v Hubel*, 70 AD3d 1492, 1493 [2010]).

We also reject defendant's further contention that a downward departure from the presumptive risk level was warranted in this case. Although the court may "depart" from the

presumptive risk level, "[t]he expectation is that the [risk assessment] instrument will result in the proper classification in most cases so that departures will be the exception—not the rule" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). While "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (*id.* at 17), defendant's participation and moderate success in treatment programs does not demonstrate that his response was exceptional (*see People v Pendleton*, 112 AD3d 600, 601 [2013], *lv denied* 22 NY3d 861 [2014]; *People v Watson*, 95 AD3d 978, 979 [2012]; *People v Parker*, 81 AD3d 1304, 1304 [2011], *lv denied* 16 NY3d 713 [2011]). Furthermore, defendant's self-serving statements regarding his progress carry little if any weight (*see People v Martinez*, 104 AD3d 924, 924-925 [2013], *lv denied* 21 NY3d 857 [2013]). We therefore conclude that " 'defendant failed to prove by a preponderance of the evidence that his response to treatment was exceptional' " (*People v Butler*, 129 AD3d 1534, 1535 [2015], *lv denied* 26 NY3d 904 [2015]).

Finally, to the extent that defendant contends that the court should have considered his marriage, new apartment and recent employment in determining whether a downward departure was warranted, we further conclude that "[d]efendant's 'stable lifestyle' was already taken into account by the risk assessment instrument" (*People v Cabrera*, 91 AD3d 479, 480 [2012], *lv denied* 19 NY3d 801 [2012]). Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.