Appeal from an order of the Monroe County Court (John L. DeMarco, J.), entered August 19, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.
 

 It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: In this proceeding pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant appeals from an order determining him to be a level two risk based upon his conviction in federal court of knowingly receiving child pornography (18 USC § 2252 [a] [2] [A]). Contrary to defendant’s contention, County Court’s determination to assess points against him under risk factors 3 and 7 is supported by clear and convincing evidence.
 

 The Court of Appeals has noted that “the children depicted in child pornography are necessarily counted as victims under [risk] factor 3, and nothing in that factor’s plain terms suggests otherwise. After all, factor 3 permits the assessment of 30 points [where, as here,] ‘[t]here were three or more victims’ involved in a defendant’s current sex crime” (People v Gillotti, 23 NY3d 841, 855 [2014], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]). The Court of Appeals has also made it clear that “the plain terms of [risk] factor 7 authorize the assessment of points based on a child pornography offender’s stranger relationship with the children featured in his or her child pornography files, and thus points can be properly assessed under that factor due to an offender’s lack of prior acquaintance with the children depicted in the files” {id. at 854). Here, the People established by clear and convincing evidence that the children depicted in the images on defendant’s computer were strangers to defendant. Consequently, the court properly concluded that “defendant should be assessed 30 points under risk factor 3, ‘number of victims,’ based on the numerous child victims depicted in the images he possessed . . . and 20 points under risk factor 7, ‘relationship with victim, stranger,’ [inasmuch] as defendant did not know his child victims.”
 

 We agree with defendant, however, that the court erred in failing to consider his request for a downward departure from the presumptive level two risk yielded by his 80-point total score on the risk assessment instrument (see People v Davis, 145 AD3d 1625, 1626 [4th Dept 2016], lv dismissed 29 NY3d 976 [2017]). We therefore reverse the order and remit the matter to County Court for a determination of whether defendant met his “initial burden of ‘ (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence’ ” (People v Watson, 95 AD3d 978, 979 [2d Dept 2012]; see Gillotti, 23 NY3d at 861) and, if so, for the court to exercise its discretion whether to grant defendant’s request for a downward departure (see People v Cobb, 141 AD3d 1174, 1175 [4th Dept 2016]; People v Lewis, 140 AD3d 1697, 1697 [4th Dept 2016]; see also People v Kemp, 148 AD3d 1284, 1285 [3d Dept 2017]).
 

 Present—Whalen, P.J., Smith, Lindley, NeMoyer and Troutman, JJ.