People v Niles (2018 NY Slip Op 01525)





People v Niles


2018 NY Slip Op 01525


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

525161

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
STEVEN NILES, Appellant.

Calendar Date: January 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ.


Kathy Manley, Selkirk, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Albany County (Carter, J.), entered January 10, 2017, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2012, defendant pleaded guilty in federal court to two counts of possession of child pornography and was sentenced to five years in prison followed by 15 years of supervised release. Defendant was released to federal probation supervision in December 2016 and, as a resident of New York, was required to register as a sex offender (see Correction Law § 168-a [2] [d] [iii]). To that end, the Board of Examiners of Sex Offenders prepared a risk assessment instrument presumptively classifying defendant as a risk level one sex offender based solely upon the
age of his victims. In so doing, however, the Board requested an upward departure to a risk level two classification, citing, among other things, the number of images and files contained on the various electronic devices that defendant possessed and the "sadistic or masochistic conduct" depicted on certain of the images/files. The People prepared a separate risk assessment instrument presumptively classifying defendant as a risk level two sex offender. Although the People did not request an upward departure, they reserved the right to do so in the event that County Court classified defendant as a risk level one sex offender. Following a hearing, County Court classified defendant as a risk level two sex offender, and this appeal ensued.
We affirm. Preliminarily, defendant's present request for a downward departure — [*2]largely premised upon the assessment of points imposed under risk factors 3 and 7 — is unpreserved for our review (see People v Moran, 148 AD3d 1189, 1189 [2017]; see also People v Sweat, 147 AD3d 802, 802 [2017], lv denied 29 NY3d 910 [2017]; People v Smith, 128 AD3d 1189, 1190 [2015]; People v Rupnarain, 123 AD3d 1387, 1388 [2014]). Defendant affirmatively advised County Court at the conclusion of the hearing that he was not seeking a downward departure, opting instead to rely upon the Board's initial risk level one classification. Having made that election, we decline defendant's invitation to now take corrective action in the interest of justice. We further note that, inasmuch as defendant ultimately failed to request a downward departure from the sought-after risk level two classification, his reliance upon the analytical framework set forth in People v Gillotti (23 NY3d 841 [2014]) and echoed by this Court in People v Kemp (148 AD3d 1284 [2017]) is misplaced. In any event, although defense counsel criticized the overall utility of the risk assessment instrument and characterized certain studies allegedly relied upon by the Board and the People as "junk social science," counsel did not point to any mitigating factors that were not otherwise encompassed by the risk assessment instrument. Accordingly, were we to reach this issue, we would find it to be lacking in merit.
We also find no merit to defendant's claim that he was improperly assessed points under risk factor 11 for drug or alcohol abuse or a history of abuse. Although defendant's expert testified — and defendant argues upon appeal — that the steroids that defendant admittedly injected over a 15-week period do not qualify as drug or alcohol abuse or constitute a history of abuse, defendant's expert also acknowledged that defendant's steroid use consisted of "mega doses of testosterone which caused hypersexuality," that such use corresponded with the period of time during which defendant downloaded and possessed child pornography and that defendant participated in and completed a drug and alcohol program both while he was incarcerated and after he was released. Such proof, in our view, justified the imposition of the points assessed under risk factor 11 and, upon reviewing the record as a whole, we discern no basis upon which to disturb County Court's risk level classification.
Garry, P.J., Lynch, Devine and Clark, JJ., concur.
ORDERED that the order is affirmed, without costs.