People v Hendrickson (2020 NY Slip Op 00702)





People v Hendrickson


2020 NY Slip Op 00702


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


45 KA 18-01367

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL HENDRICKSON, DEFENDANT-APPELLANT. 






ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Wayne County Court (Daniel G. Barrett, J.), dated March 19, 2018. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in refusing to grant him a downward departure from his presumptive risk level. We reject that contention.
It is well settled that "a defendant's response to treatment, if exceptional' . . . , may constitute a mitigating factor to serve as the basis for a downward departure" (People v Bernecky, 161 AD3d 1540, 1541 [4th Dept 2018], lv denied 32 NY3d 901 [2018], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; see People v Davis, 170 AD3d 1519, 1520 [4th Dept 2019], lv denied 33 NY3d 907 [2019]). The defendant has the burden of establishing by a preponderance of the evidence that his or her response to treatment was exceptional (see Davis, 170 AD3d at 1520; Bernecky, 161 AD3d at 1541). Nevertheless, a court errs when it concludes "that an offender's participation in treatment is adequately taken into account by the risk assessment instrument" without also considering whether the defendant established that he or she made an exceptional response to treatment and, if so, whether the court should exercise its discretion to grant a downward departure (People v Migliaccio, 90 AD3d 879, 880 [2d Dept 2011]; see People v Lewis, 140 AD3d 1697, 1697 [4th Dept 2016]). Here, the court properly considered defendant's individual response to treatment and determined that defendant had failed to meet his burden of establishing that it warranted a downward departure (see People v June, 150 AD3d 1701, 1702 [4th Dept 2017]; cf. Lewis, 140 AD3d at 1697; People v Washington, 84 AD3d 910, 911 [2d Dept 2011], lv dismissed 17 NY3d 849 [2011]). We see no basis to disturb that determination (see June, 150 AD3d at 1702).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court