People v Scott (2020 NY Slip Op 04661)





People v Scott


2020 NY Slip Op 04661


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


356 KA 19-01728

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD L. SCOTT, DEFENDANT-APPELLANT. 






DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Cayuga County Court (Thomas G. Leone, J.), entered April 19, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.) after a conviction arising from his possession of child pornography on his computer, defendant contends that County Court erred in accepting the People's recommended risk assessment instrument score that rendered him a presumptive level two risk. We reject that contention.
Defendant first contends that the assessment of 30 points under risk factor three for having three or more victims is not supported by the requisite clear and convincing evidence because the People failed to substantiate the number of victims with sufficient admissible evidence. That contention, however, is not preserved for our review because defendant did not specifically oppose the People's request for the assessment of such points on the ground advanced on appeal (see People v Gillotti, 23 NY3d 841, 854 [2014]; People v Leach, 158 AD3d 1240, 1240 [4th Dept 2018], lv denied 31 NY3d 905 [2018]). In any event, defendant's contention lacks merit. The statements in the case summary and presentence report that defendant possessed more than 40 images of child pornography constitute reliable hearsay (see People v Mingo, 12 NY3d 563, 573 [2009]; People v Rivera, 111 AD3d 1275, 1276 [4th Dept 2013], lv denied 22 NY3d 861 [2014]), and defendant did not dispute during the SORA proceeding that the images depicted three or more victims (see People v Rodriguez, 147 AD3d 1513, 1513 [4th Dept 2017], lv denied 29 NY3d 908 [2017]; People v Graziano, 140 AD3d 1541, 1542 [3d Dept 2016], lv denied 28 NY3d 909 [2016]).
Defendant next contends that the court erred in assessing 30 points under risk factor five because the proof is insufficient to establish that the images depicted a victim of 10 years old or younger. Even assuming, arguendo, that defendant preserved that contention for our review, we conclude that it lacks merit. "Facts . . . elicited at the time of entry of a plea of guilty shall be deemed established by clear and convincing evidence and shall not be relitigated" at a SORA hearing (Correction Law § 168-n [3]). Here, the evidence established that defendant pleaded guilty to possessing a sexual performance by a child (Penal Law § 263.16), and he does not dispute that, during the plea colloquy with respect to that crime, he admitted possessing an image depicting a child less than 10 years old (see People v Andrews, 136 AD3d 880, 880 [2d Dept 2016], lv denied 27 NY3d 905 [2016]).
Defendant further contends that the court erred in denying his request for a downward departure from his presumptive risk level. Initially, although defendant correctly asserts that the [*2]court should have applied a preponderance of the evidence standard to his request for a downward departure, rather than a clear and convincing evidence standard (see Gillotti, 23 NY3d at 860-861), we need not remit the matter because the record is sufficient to enable us to review defendant's contention under the proper standard (see People v Merkley, 125 AD3d 1479, 1479 [4th Dept 2015]).
With respect to that review, we conclude that some of the purported mitigating circumstances identified by defendant, such as his lack of drug or alcohol abuse and satisfactory conduct while confined, were adequately taken into account in the risk assessment instrument (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-17 [2006] [Guidelines]; People v Davis, 170 AD3d 1519, 1519-1520 [4th Dept 2019], lv denied 33 NY3d 907 [2019]). Next, while an offender's response to treatment, "if exceptional" (Guidelines at 17), may constitute a mitigating factor to serve as the basis for a downward departure, we conclude that, here, defendant failed to prove by a preponderance of the evidence that his response to treatment was exceptional (see Davis, 170 AD3d at 1520; People v Bernecky, 161 AD3d 1540, 1541 [4th Dept 2018], lv denied 32 NY3d 901 [2018]). Although defendant also contends that his age and health are mitigating factors warranting a downward departure, he failed to establish that he has "physical conditions that minimize [the] risk of re-offense" (Correction Law § 168-l [5] [d]; see Guidelines at 5; People v Smith, 108 AD3d 1215, 1216 [4th Dept 2013], lv denied 22 NY3d 856 [2013]). Finally, to the extent that defendant otherwise established the existence of appropriate mitigating circumstances, we conclude upon examining all of the relevant circumstances that a downward departure is not warranted (see Bernecky, 161 AD3d at 1541; see generally Gillotti, 23 NY3d at 864).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court