People v Mack (2020 NY Slip Op 05640)





People v Mack


2020 NY Slip Op 05640


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


611 KA 20-00119

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES MACK, DEFENDANT-APPELLANT. 






KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.


 Appeal from an order of the Steuben County Court (Chauncey J. Watches, J.), entered October 16, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant appeals from an order determining him to be a level two risk based on his conviction in federal court, upon his plea of guilty, of knowingly possessing child pornography (18 USC § 2252A [a] [5] [B]; [b] [2]). Contrary to defendant's contention, County Court's determination to assess points against him under risk factors 3 and 7 is supported by clear and convincing evidence (see generally People v Tutty, 156 AD3d 1444, 1444 [4th Dept 2017]). In connection with his federal conviction, defendant admitted to possessing more than 600 images and videos, the majority of which had been deleted from his computer and hard drives but were recovered through forensic analysis. Further, the case summary establishes that defendant received such images and videos through his involvement in an "online community of individuals who regularly sent and receive[d] child pornography via a website that operated on an anonymous online network." The case summary also describes the material recovered as including, inter alia, "children engaged in sexual conduct with adults," a video of a "pre-teen or early teenage girl," and another video of "two pre-teen girls." Based on the descriptions of the individuals depicted in the images and videos that were recovered, the number of images and videos recovered, and the fact that the material was obtained through an anonymous online network, we conclude that there is clear and convincing evidence that the images and videos depicted three or more different victims, as required for the assessment of points under risk factor 3, and that the victims were strangers to defendant, as required for the assessment of points under risk factor 7 (see People v Gillotti, 23 NY3d 841, 854-855 [2014]; People v Foerster, 173 AD3d 1686, 1687 [4th Dept 2019], lv denied 34 NY3d 902 [2019]; Tutty, 156 AD3d at 1444-1445).
We likewise reject defendant's contention that the court erred in assessing 30 points under risk factor 5. Although defendant is correct that his guilty plea alone did not establish that the images and videos depicted victims less than 11 years old (see generally People v Spratley, 175 AD3d 962, 962 [4th Dept 2019]; People v Hayes, 166 AD3d 1533, 1533-1534 [4th Dept 2018], lv denied 32 NY3d 915 [2019]), defendant submitted to the court, and did not dispute, the evaluation of his sex offender treatment provider, who specifically recommended assessing defendant 30 points under risk factor 5 "due to his acknowledgment of images of children under 10 years of age." Further, the case summary establishes that defendant accessed material depicting a sexual act involving a four- or five-year-old child.
Contrary to defendant's additional contention, upon examining all of the relevant circumstances, we conclude that the court providently exercised its discretion in denying [*2]defendant's request for a downward departure (see generally People v Bernecky, 161 AD3d 1540, 1541 [4th Dept 2018], lv denied 32 NY3d 901 [2018]; People v Smith, 122 AD3d 1325, 1326 [4th Dept 2014]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court