People v Maus (2021 NY Slip Op 03717)





People v Maus


2021 NY Slip Op 03717


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


495 KA 19-01651

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD G. MAUS, II, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Stephen T. Miller, A.J.), entered April 19, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in failing to grant a downward departure from his presumptive classification as a level two risk based upon certain mitigating circumstances not adequately taken into account by the guidelines, including his college education and consistent employment history. Defendant, however, failed to request a downward departure based on those alleged mitigating circumstances and thus failed to preserve his contention for our review (see People v Johnson, 11 NY3d 416, 421-422 [2008]; see generally People v Puff, 151 AD3d 1965, 1966 [4th Dept 2017], lv denied 30 NY3d 904 [2017]; People v Ratcliff, 53 AD3d 1110, 1110 [4th Dept 2008], lv denied 11 NY3d 708 [2008]). At the hearing, defendant requested a downward departure based on his lack of a criminal history, lack of substance abuse, participation in a treatment program, and acceptance of responsibility for his actions. Inasmuch as those alleged mitigating factors or circumstances are adequately taken into account by the guidelines, they are improperly asserted as mitigating factors (see People v Gerros, 175 AD3d 1111, 1112 [4th Dept 2019]; People v Reber, 145 AD3d 1627, 1627-1628 [4th Dept 2016], lv denied 29 NY3d 906 [2017]; see generally People v
Gillotti, 23 NY3d 841, 861 [2014]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court