People v Simmons (2021 NY Slip Op 03963)





People v Simmons


2021 NY Slip Op 03963


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


539 KA 20-00138

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERMAINE H. SIMMONS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Erie County Court (Suzanne Maxwell Barnes, J.), entered November 19, 2019. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk under the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.) after a conviction of two counts of rape in the third degree (Penal Law § 130.25 [2]), defendant contends that County Court failed to set forth its findings of fact and conclusions of law in accordance with Correction Law § 168-n (3). We agree. The court merely stated that it had reviewed the recommendation of the Board of Examiners of Sex Offenders (Board), "as well as the submitted evidence, relevant materials, and established facts," listed the factors and points that had been assessed against defendant, and briefly distinguished from the bench one case defendant had cited in support of his request for a downward departure (see People v Dean, 169 AD3d 1414, 1415 [4th Dept 2019]; People v Cameron, 87 AD3d 1366, 1366-1367 [4th Dept 2011]; People v Long, 81 AD3d 1432, 1433 [4th Dept 2011]). We nevertheless conclude that the record before us is sufficient to enable us to make our own findings of fact and conclusions of law, thus rendering remittal unnecessary (see People v Carlton, 78 AD3d 1654, 1655 [4th Dept 2010], lv denied 16 NY3d 782 [2011]; People v Urbanski, 74 AD3d 1882, 1883 [4th Dept 2010], lv denied 15 NY3d 707 [2010]).
In evaluating defendant's risk level, we have examined the certificate of conviction; defendant's letter dated April 18, 2019, to the Board; a postconviction, presentencing memorandum (PM) compiled on defendant's behalf; the risk assessment instrument (RAI) and case summary (CS) prepared by the Board; defendant's memorandum of law submitted to the court in anticipation of the SORA hearing; and the transcript of the SORA hearing (see Correction Law § 168-n [3]; see generally People v Mingo, 12 NY3d 563, 572-574 [2009]; People v Leach, 158 AD3d 1240, 1242 [4th Dept 2018], lv denied 31 NY3d 905 [2018]).
The above materials establish that the 21-year-old defendant began a sexual relationship with the 13-year-old female victim. Over several months, he engaged in a continuing course of sexual misconduct with her, which eventually resulted in the victim becoming pregnant. Those undisputed facts support the assessment against defendant of 25 points under risk factor 2, for sexual intercourse, 20 points under risk factor 4, for a continuing course of sexual misconduct, and 20 points under risk factor 5, for the age of the victim. The assessment of 5 points against defendant under risk factor 9, for the number and nature of prior crimes, is supported by undisputed statements in the CS and PM concerning defendant's prior misdemeanor convictions. The assessment of 15 points against defendant under risk factor 11, for drug and alcohol abuse, is [*2]supported by undisputed statements in the CS and PM that defendant claimed to "smoke about $200 dollars' worth of marijuana per day," to drink alcohol consistently in the form of "a pint, liter or fifth of liquor," and to use on occasion other drugs such as cocaine, ecstasy, molly, Lortabs, and Percocet. The assessment of 15 points against defendant under risk factor 12, for refusal of treatment, is supported by statements in the CS and defendant's letter to the Board that he discontinued a sex offender treatment program (see People v Graves, 162 AD3d 1659, 1660 [4th Dept 2018], lv denied 32 NY3d 906 [2018]). The assessment of 10 points against defendant under risk factor 13, for unsatisfactory conduct while confined, is supported by undisputed statements in the CS that defendant had been found guilty of and disciplined for various behavioral violations while incarcerated. With a total of 110 points pursuant to the RAI, defendant is presumptively a level three risk (see People v Miller, 186 AD3d 1095, 1097 [4th Dept 2020], lv denied 36 NY3d 903 [2020]).
We conclude that the court properly denied defendant's application for a downward departure to a level two risk. Defendant advances three arguments in support of a downward departure. First, in his letter to the Board, defendant writes that he tried a sex offender treatment program while incarcerated but discontinued it because he "was getting [harassed] by the [correction officers] at the program." We agree with defendant that it is proper to consider his reasons for refusing treatment in the context of a request for a downward departure (see Graves, 162 AD3d at 1660). Even assuming, arguendo, that defendant's statement is sufficient to meet the required preponderance of the evidence standard (see People v Gillotti, 23 NY3d 841, 864 [2014]), we question the credibility of the statement in the absence of any other supporting evidence and conclude that the statement alone merits "little if any weight" in justifying a downward departure (People v June, 150 AD3d 1701, 1702 [4th Dept 2017]; see People v Martinez, 104 AD3d 924, 924-925 [2d Dept 2013], lv denied 21 NY3d 857 [2013]; see also Gillotti, 23 NY3d at 861; People v Walker, 125 AD3d 1516, 1517 [4th Dept 2015]; People v Smith, 122 AD3d 1325, 1326 [4th Dept 2014]).
Defendant's second argument in support of a downward departure is based on his statement in his letter to the Board that the victim deceived him by telling him that she was 18 years old. Our analysis of that statement is the same as our analysis of the statement concerning harassment by correction officers, and we likewise conclude that defendant's account alone merits "little if any weight" in justifying a downward departure (June, 150 AD3d at 1702). Moreover, we note that defendant does not detail when the victim's alleged deception concerning her age occurred.
Defendant's third argument in support of a downward departure is based on the possibility that points on the RAI may be overassessed in cases of statutory rape (see People v Carter, 138 AD3d 706, 707 [2d Dept 2016]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9 [2006]). We found that to be true in People v George (141 AD3d 1177 [4th Dept 2016]), a case relied on by defendant in his memorandum of law, in which the record on appeal shows that the defendant was 19 years old, the victim was 14 years old, the victim's nonconsent was based only on her age, there was a single incident of sexual intercourse between the defendant and the victim, and the defendant completed a dual treatment program for chemically addicted sex offenders. The court in the instant case did not find George persuasive authority for defendant's position, and neither do we. Here, the age span between defendant and the victim was eight years, defendant engaged in a continuing course of sexual misconduct with the victim, the course of sexual misconduct resulted in pregnancy, defendant acknowledged in his letter to the Board that, following an argument in which defendant pressed the victim to have an abortion, he expelled the pregnant victim from the residence he had paid for her to stay in, and defendant refused sex offender treatment.
Even assuming, arguendo, that defendant has alleged mitigating circumstances that are not adequately taken into account by the SORA Guidelines and that he has met his burden of proof in establishing that such circumstances exist in this case, our examination of the totality of the circumstances does not lead us to conclude that his presumptive RAI score has "overassessed the risk that he presents to public safety" (People v Augsbury, 156 AD3d 1487, 1488 [4th Dept 2017], lv denied 31 NY3d 903 [2018]; see Gillotti, 23 NY3d at 861). Contrary to defendant's contention, attentive consideration to his letter to the Board and the PM does not portray him in a light that supports his position. We are cognizant that defendant has had a traumatic and heartbreaking upbringing and family life, but we cannot ignore the facts that he admits to having [*3]"anger problems," that he was removed from high school after a "physical altercation" with the principal, that he has sold drugs as a means of supporting himself, that he consistently consumed alcohol and used marijuana, that his "level of functioning is much lower than that of an average individual," including compromised reading ability and comprehension, and that he may have undiagnosed and untreated mental health issues. We accordingly determine that defendant is a level three risk to public safety under SORA.
To the extent that defendant's contention challenging the performance of his assigned counsel during the SORA hearing is not obviated by our analysis and determination, we conclude that, in light of the evidence, the law, and the circumstances of this particular case, viewed in totality and as of the time of the representation, defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court