People v Harris (2023 NY Slip Op 03114)

People v Harris

2023 NY Slip Op 03114

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

224 KA 22-01016

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTWUNN HARRIS, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS M. LEITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), entered April 7, 2022. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk under the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that Supreme Court erred in refusing to grant him a downward departure from his presumptive risk level. We reject that contention.
Preliminarily, even assuming, arguendo, that the court violated Correction Law § 168-n (3) by failing to adequately set forth the findings of fact and conclusions of law on which it based its determination to deny defendant's request for a downward departure (see People v Dean, 169 AD3d 1414, 1415 [4th Dept 2019]), we conclude that the record before us is sufficient to enable us to make our own findings of fact and conclusions of law, thus rendering remittal unnecessary (see People v Simmons, 195 AD3d 1566, 1567 [4th Dept 2021], lv denied 37 NY3d 915 [2021]).
On the merits, we conclude that many of the purported mitigating circumstances alleged by defendant, including his acceptance of responsibility, release with specialized supervision, performance in educational and vocational programs, and participation in treatment programs, do not constitute proper mitigating circumstances inasmuch as they are already adequately taken into account by the guidelines (see People v Forshey, 201 AD3d 1352, 1353 [4th Dept 2022], lv denied 38 NY3d 907 [2022]; People v Maus, 195 AD3d 1438, 1438-1439 [4th Dept 2021], lv denied 37 NY3d 912 [2021]; People v Davis, 170 AD3d 1519, 1519-1520 [4th Dept 2019], lv denied 33 NY3d 907 [2019]; People v Curry, 158 AD3d 52, 62 [2d Dept 2017], lv denied 31 NY3d 905 [2018]).
Next, "while an offender's response to treatment, 'if exceptional' . . . , may constitute a mitigating factor to serve as the basis for a downward departure" (People v Scott, 186 AD3d 1052, 1054 [4th Dept 2020], lv denied 36 NY3d 901 [2020], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]), we conclude that, here, defendant failed to prove by the requisite preponderance of the evidence (see People v Gillotti, 23 NY3d 841, 861 [2014]) that his response to treatment was exceptional (see People v Antonetti, 188 AD3d 1630, 1631 [4th Dept 2020], lv denied 36 NY3d 910 [2021]; Scott, 186 AD3d at 1054; People v June, 150 AD3d 1701, 1702 [4th Dept 2017]). In addition, although defendant's alleged past participation in volunteer activities reflective of his empathy and good character constitutes a proper mitigating circumstance (see Gillotti, 23 NY3d at 864), we [*2]conclude that defendant failed to establish the existence of that mitigating circumstance by a preponderance of the evidence inasmuch as it is based exclusively on a brief, self-serving statement that defendant made during his testimony at the hearing (see June, 150 AD3d at 1702; People v Martinez, 104 AD3d 924, 924-925 [2d Dept 2013], lv denied 21 NY3d 857 [2013]). Defendant further asserts that a downward departure is warranted because the instant offense did not involve forcible compulsion and the victim's lack of consent was based only on her age. "[T]he nonforcible nature of the offense may be a mitigating factor" (People v Askins, 148 AD3d 1598, 1599 [4th Dept 2017], lv denied 29 NY3d 912 [2017]), particularly where there is a "relatively slight age difference between [the offender] and the victim" and "the victim's lack of consent was premised only on [the] inability to consent by virtue of . . . age" (People v George, 141 AD3d 1177, 1178 [4th Dept 2016]; see People v Goossens, 75 AD3d 1171, 1172 [4th Dept 2010]). Here, however, despite the lack of forcible compulsion, we conclude that defendant failed to establish the existence of the subject mitigating circumstance given the age disparity between the nearly
31-year-old defendant and the 14-year-old victim, the circumstances surrounding the oral sexual conduct, and the fact that defendant had previously been convicted of a felony sex crime for having sexual intercourse with a 13-year-old victim (see People v Catalano, 178 AD3d 1460, 1461 [4th Dept 2019], lv denied 35 NY3d 906 [2020]; People v Love, 175 AD3d 1835, 1835 [4th Dept 2019], lv denied 34 NY3d 910 [2020]; cf. People v Stevens, 201 AD3d 1344, 1345 [4th Dept 2022]; George, 141 AD3d at 1178; Goossens, 75 AD3d at 1172).
Finally, even if defendant surmounted the first two steps of the analysis (see generally Gillotti, 23 NY3d at 861), upon weighing the mitigating circumstances against the aggravating circumstances—most prominently defendant's " 'overall criminal history' " (People v Duryee, 130 AD3d 1487, 1488 [4th Dept 2015]), including his prior failures to register a change of address as a sex offender (see People v Perez, 158 AD3d 1070, 1071 [4th Dept 2018], lv denied 31 NY3d 905 [2018])—we conclude that the totality of the circumstances establishes that defendant's presumptive risk level does not represent an over-assessment of his dangerousness and risk of sexual recidivism (see People v Gatling, 204 AD3d 1428, 1430 [4th Dept 2022], lv denied 38 NY3d 912 [2022]; People v Burgess, 191 AD3d 1256, 1257 [4th Dept 2021]; see generally People v Sincerbeaux, 27 NY3d 683, 690-691 [2016]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court