People v Stagles (2023 NY Slip Op 06613)

People v Stagles

2023 NY Slip Op 06613

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

768 KA 23-00267

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JACOB STAGLES, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, PLLC, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN, FOR RESPONDENT.

 Appeal from an order of the Cayuga County Court (Thomas G. Leone, J.), entered January 23, 2023. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law and in the exercise of discretion by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: In this proceeding pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant appeals from an order classifying him as a level two risk. We agree with defendant that County Court erred in applying a clear and convincing evidence standard rather than the preponderance of the evidence standard to his request for a downward departure from his presumptive risk level and in denying that request (see People v Loughlin, 145 AD3d 1426, 1427 [4th Dept 2016], lv denied 29 NY3d 906 [2017]). "Inasmuch as the record is sufficient for us to make our own findings of fact and conclusions of law [under the proper standard], however, remittal is not required" (People v Snyder, 218 AD3d 1356, 1356 [4th Dept 2023]; see People v Wright, 215 AD3d 1258, 1259 [4th Dept 2023], lv denied 40 NY3d 904 [2023]; Loughlin, 145 AD3d at 1427-1428).
Defendant became subject to registration as a sex offender when he pleaded guilty to a superior court information charging him with one count of possessing an obscene sexual performance by a child (Penal Law § 263.11). The charge arose from the discovery by the police of eight photographs and one video on defendant's cell phone depicting children engaging in sexual acts. At the time, defendant was 19 years old and had never before been arrested. There being no indication or allegation that defendant had ever sexually abused anyone, the court, with the People's approval, sentenced defendant to a term of probation.
The People thereafter prepared a risk assessment instrument (RAI) that assessed 90 points against defendant, making him a presumptive level two risk. Thirty points were assessed under risk factor 3 for having three or more victims, and 20 points were assessed under risk factor 7 because the victims were strangers. Although defendant opposed an assessment of points under those two risk factors, he requested in the alternative a downward departure based, inter alia, on the fact that "scoring points under factors 3 and 7 may overestimate the risk of reoffense and danger to the public posed by quite a few child pornography offenders," a concern that should be addressed "through the departure process" (People v Gillotti, 23 NY3d 841, 860 [2014]). The court assessed 90 points against defendant and determined that he failed to establish any mitigating factors that would warrant a downward departure. The court erred in determining that defendant failed to establish a mitigating factor and in denying defendant's request for a downward departure. We therefore modify the order accordingly.
As the Court of Appeals has stated, "in deciding a child pornography offender's application for a downward departure, a SORA court should, in the exercise of its discretion, give particularly strong consideration to the possibility that adjudicating the offender in accordance with the guidelines point score and without departing downward might lead to an excessive level of registration" (id.). "The departure process is the best way to avoid potentially 'anomalous results' for some child pornography offenders that 'the authors of the Guidelines may not have intended or foreseen' " (People v Fernandez, 219 AD3d 760, 762 [2d Dept 2023], quoting People v Johnson, 11 NY3d 416, 418, 421 [2008]).
Here, defendant established by a preponderance of the evidence that there are mitigating factors "not otherwise adequately taken into account by the guidelines" (People v Santiago, 20 AD3d 885, 886 [4th Dept 2005] [internal quotation marks omitted]). The mitigating factors include the fact that defendant was assessed points under risk factors 3 and 7, without which he would have scored as a level one risk. Further, weighing the mitigating factors against any aggravating factors, we conclude that the totality of the circumstances warrants a downward departure to risk level one to avoid an over-assessment of "defendant's dangerousness and risk of sexual recidivism" (Gillotti, 23 NY3d at 861; see People v Morana, 198 AD3d 1275, 1276-1277 [4th Dept 2021]).
Defendant has no prior criminal record, was never accused of engaging in the sexual abuse of a child or any other victim, was cooperative with the police, and readily admitted his guilt. He also was not arrested during the 2½ years between his arrest for the crime at issue and the SORA hearing. Significantly, there is no indication that defendant shared the child pornography images or video with anyone else, and he deleted the images and video "months before he was contacted by" law enforcement. Indeed, the fact that the People offered defendant a probationary sentence as part of the plea agreement indicates that they considered him to be a relatively low risk to the public as compared to other sex offenders. Moreover, defendant did not possess anywhere near the number of images that were possessed by defendants in other child pornography cases where we affirmed the denial of requests for downward departures (see People v Mack, 187 AD3d 1648, 1649-1650 [4th Dept 2020], lv denied 36 NY3d 905 [2021]; People v Bernecky, 161 AD3d 1540, 1540-1541 [4th Dept 2018], lv denied 32 NY3d 901 [2018]).
We therefore exercise our discretion to grant defendant a downward departure to risk level one (see People v Sestito, 195 AD3d 869, 870 [2d Dept 2021]; People v Gonzalez, 189 AD3d 509, 510-511 [1st Dept 2020]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court