People v Schumacher (2024 NY Slip Op 00578)

People v Schumacher

2024 NY Slip Op 00578

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

1052 KA 22-01833

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEVIN M. SCHUMACHER, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Livingston County Court (Kevin Van Allen, J.), entered October 24, 2022. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Contrary to defendant's contention, County Court properly assessed 15 points under risk factor 11 for a history of drug or alcohol abuse inasmuch as "[t]he statements in the case summary and presentence report with respect to defendant's substance abuse constitute reliable hearsay supporting the court's assessment of points under th[at] risk factor" (People v Kunz, 150 AD3d 1696, 1696 [4th Dept 2017], lv denied 29 NY3d 916 [2017] [internal quotation marks omitted]; see People v Hines, 171 AD3d 1513, 1513-1514 [4th Dept 2019], lv denied 33 NY3d 913 [2019]). Those statements establish that defendant regularly used marihuana and alcohol prior to the commission of the underlying offense, that he had been referred to and had engaged in substance abuse treatment while incarcerated, and that he had a previous diagnosis of cannabis dependence (see People v Turner, 188 AD3d 1746, 1747 [4th Dept 2020], lv denied 36 NY3d 910 [2021]; People v Blue, 186 AD3d 1088, 1090 [4th Dept 2020], lv denied 36 NY3d 901 [2020]; Kunz, 150 AD3d at 1697). Moreover, the case summary and presentence report establish that defendant made prior admissions about drinking alcohol while on probation and about using LSD (see generally People v Gerros, 175 AD3d 1111, 1111-1112 [4th Dept 2019]; People v Urbanski, 74 AD3d 1882, 1883 [4th Dept 2010], lv denied 15 NY3d 707 [2010]).
Defendant further contends that remittal is required inasmuch as the court failed to consider his request for a downward departure from his presumptive risk level. Although we agree with defendant that the court failed to consider his request, we conclude that "[the] omission by the court does not require remittal because the record is sufficient for us to make our own findings of fact and conclusions of law with respect to defendant's request" (People v Augsbury, 156 AD3d 1487, 1487 [4th Dept 2017], lv denied 31 NY3d 903 [2018]).
"A sex offender seeking a downward departure has the burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wright, 215 AD3d 1258, 1259 [4th Dept 2023], lv denied 40 NY3d 904 [2023] [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861 [2014]). "[W]hile an offender's response to treatment, if exceptional . . . , may constitute a mitigating factor to serve as the basis for a downward [*2]departure" (People v Harris, 217 AD3d 1385, 1386 [4th Dept 2023], lv denied 40 NY3d 909 [internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]), we conclude that, here, defendant failed to prove by the requisite preponderance of the evidence that his response to mental health treatment was exceptional (see People v Stack, 195 AD3d 1559, 1560 [4th Dept 2021], lv denied 37 NY3d 915 [2021]; People v June, 150 AD3d 1701, 1702 [4th Dept 2017]).
Finally, even assuming, arguendo, that defendant established the existence of an appropriate mitigating factor by a preponderance of the evidence, we note that defendant's "successful showing . . . does not automatically result in the relief requested, but merely opens the door to the SORA court's exercise of its sound discretion" under the totality of the circumstances (People v Rivera, 144 AD3d 1595, 1596 [4th Dept 2016], lv denied 28 NY3d 915 [2017] [internal quotation marks omitted]). We conclude, based on the totality of the circumstances, including defendant's escalating behavior of sex abuse against children, that defendant's presumptive risk level does not represent an over-assessment of his dangerousness or risk of sexual recidivism and that a downward departure therefore would not be warranted (see generally Harris, 217 AD3d at 1387-1388; People v Scott, 186 AD3d 1052, 1054-1055 [4th Dept 2020], lv denied 36 NY3d 901 [2020]).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court