People v Wolcott (2024 NY Slip Op 05739)

People v Wolcott

2024 NY Slip Op 05739

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

797 KA 23-01805

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ADAM M. WOLCOTT, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTINE BIALY-VIAU OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Onondaga County Court (Melinda H. McGunnigle, J.), entered August 29, 2023. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that he is entitled to a downward departure from his presumptive risk level. We reject that contention.
Contrary to defendant's contention, we conclude that his mere non-denial of responsibility to the police and eventual acceptance of responsibility by virtue of his guilty plea in his underlying child sex abuse case, satisfactory conduct while confined, release with specialized supervision, stable living situation and strong family support network, performance in an educational program, and engagement in treatment programs do not constitute proper mitigating factors inasmuch as those circumstances were adequately taken into account by the risk assessment guidelines (see People v Dyer, 225 AD3d 1263, 1264 [4th Dept 2024], lv denied 42 NY3d 907 [2024]; People v Swartz, 216 AD3d 1426, 1427 [4th Dept 2023], lv denied 40 NY3d 906 [2023]; People v June, 150 AD3d 1701, 1702 [4th Dept 2017]; People v Smith, 108 AD3d 1215, 1216 [4th Dept 2013], lv denied 22 NY3d 856 [2013]; cf. People v Stagles, 222 AD3d 1341, 1343 [4th Dept 2023]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-18 [2006] [Guidelines]).
Next, "while an offender's response to treatment, 'if exceptional' . . . , may constitute a mitigating factor to serve as the basis for a downward departure" (People v Scott, 186 AD3d 1052, 1054 [4th Dept 2020], lv denied 36 NY3d 901 [2020], quoting Guidelines at 17), we further conclude that, even accepting the representations in the affirmation of defendant's attorney, defendant failed to meet his burden of proving by a preponderance of the evidence that his response to treatment was exceptional (see Dyer, 225 AD3d at 1264; People v Harris, 217 AD3d 1385, 1386-1387 [4th Dept 2023], lv denied 40 NY3d 909 [2023]; June, 150 AD3d at 1702). Similarly, with respect to defendant's assertion that his near completion of a community college degree is a mitigating circumstance, defendant did not proffer any proof of, and thus failed to demonstrate by a preponderance of the evidence, how that alleged mitigating circumstance would reduce his risk of sexual recidivism or danger to the community (see Dyer, 225 AD3d at 1264-1265).
Finally, even assuming, arguendo, that defendant satisfied his burden with respect to the first two steps of the downward departure analysis (see generally People v Gillotti, 23 NY3d 841, 861 [2014]), we conclude on this record, after applying the third step of weighing the aggravating [*2]and mitigating factors, that the totality of the circumstances does not warrant a downward departure inasmuch as defendant's presumptive risk level does not represent an over-assessment of his dangerousness and risk of sexual recidivism (see Harris, 217 AD3d at 1387-1388; People v Burgess, 191 AD3d 1256, 1257 [4th Dept 2021]; see generally People v Sincerbeaux, 27 NY3d 683, 690-691 [2016]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court