People v Kuhn (2025 NY Slip Op 04434)

People v Kuhn

2025 NY Slip Op 04434

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, GREENWOOD, NOWAK, AND HANNAH, JJ.

597 KA 24-01045

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COREY KUHN, DEFENDANT-APPELLANT. 

ROSEMARIE RICHARDS, SOUTH NEW BERLIN, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Steuben County Court (Chauncey J. Watches, J.), entered May 2, 2024. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Steuben County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Preliminarily, although defendant's notice of appeal is premature inasmuch as it predates the entry of the order from which he purports to appeal, we exercise our discretion in the interest of justice to treat the notice of appeal as valid and deem the appeal as properly taken from the order (see CPLR 5520 [c]; People v Pichcuskie, 111 AD3d 1344, 1344 [4th Dept 2013], lv denied 22 NY3d 861 [2014]; People v Cantrell, 37 AD3d 1183, 1184 [4th Dept 2007], lv denied 8 NY3d 812 [2007]).
Contrary to defendant's contention, we conclude that County Court properly assessed 20 points under risk factor seven. The People established by clear and convincing evidence that defendant's relationship with the victim had been established for the primary purpose of victimization (see People v Kent, 175 AD3d 561, 563 [2d Dept 2019], lv denied 34 NY3d 910 [2020]; People v Buculei, 161 AD3d 903, 904 [2d Dept 2018]; People v Gifford, 144 AD3d 1678, 1679 [4th Dept 2016], lv denied 28 NY3d 915 [2017]). Defendant met the victim online and communicated with her using an alias. Defendant was aware that the victim was 15 years old and had sexual intercourse with her two months after meeting her in person.
Defendant further contends that the court abused its discretion in not granting a downward departure based on certain mitigating factors. At the SORA hearing, the People requested that defendant be designated a level one sex offender, but at the conclusion of the hearing, the court assessed additional points, rendering defendant a level two sex offender. Although defendant does not contend on appeal that the court violated his right to due process by sua sponte assessing additional points (cf. People v Acosta, 225 AD3d 1257, 1257 [4th Dept 2024]; People v Lostumbo, 225 AD3d 1277, 1277 [4th Dept 2024]; People v Chrisley, 172 AD3d 1914, 1914-1915 [4th Dept 2019]), the court's ruling did not afford defendant a meaningful opportunity to request a downward departure (see People v Ritchie, 203 AD3d 1562, 1564 [4th Dept 2022]). We therefore reverse the order, vacate defendant's risk level determination, and remit the matter to County Court for a new hearing and risk level determination (see generally Lostumbo, 225 AD3d at 1279; People v Tutty, 156 AD3d 1444, 1445 [4th Dept 2017]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court