■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CULLEN, Appellant. [875 NYS2d 419]—

Appeal from an order of the Cayuga County Court (Thomas G. Leone, J.), entered August 10, 2007. The appeal was held by this Court by order entered July 3, 2008, decision was reserved and the matter was remitted to Cayuga County Court for further proceedings (53 AD3d 1105 [2008]). The proceedings were held and completed.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: We previously held this case, reserved decision and remitted the matter to County Court for compliance with Correction Law § 168-n (3), based on the court's failure "to set forth the findings of fact and conclusions of law upon which it based its determination" (*People v Cullen*, 53 AD3d 1105, 1106 [2008]). We conclude that, upon remittal, the court properly determined that defendant is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), based on the requisite findings of fact and conclusions of law. Defendant contends that the court erred in refusing to grant his request for a downward departure from his presumptive risk level. We reject that contention inasmuch as " 'defendant failed to present clear and convincing evidence of special circumstances justifying a downward departure' " (*People v Ratcliff*, 53 AD3d 1110 [2008], *lv denied* 11 NY3d 708 [2008]). We reject the further contention of defendant that the court erred in assessing points against him based on the first victim's physical helplessness. That victim was asleep at the time of the sexual assault, and the "definition of physically helpless is broad enough to include a sleeping victim" (*People v Harris*, 46 AD3d 1445, 1446 [2007], *lv denied* 10 NY3d 707 [2008]; *see* Penal Law § 130.00 [7]). Although we agree with defendant that the People failed to present clear and convincing evidence that his conduct while confined or under supervision was unsatisfactory (*see* Correction Law § 168-n [3]), we nevertheless conclude that the erroneous assessment of 10 points under that risk factor does not alter defendant's presumptive classification as a level three risk. Present—Scudder, P.J., Centra, Fahey, Peradotto and Pine, JJ.