# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**282**
**KA 11-00226**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ALVIN G. EDWARDS, DEFENDANT-APPELLANT.

---

THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Onondaga County Court (Joseph E. Fahey, J.), dated November 24, 2010. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court erred in assessing 30 points against him under risk factor 5, for the age of the victim, and 20 points against him under risk factor 6, for the physical helplessness of the victim. We reject those contentions. Although defendant pleaded guilty to a count of the indictment alleging that he raped his stepdaughter when she was 13 years old, it is well settled that, in assessing a defendant's risk level, the court is not limited to the crime to which the defendant pleaded guilty (*see People v Scott*, 71 AD3d 1417, 1417-1418, *lv denied* 14 NY3d 714; *People v Hubel*, 70 AD3d 1492, 1493). The court may also consider "reliable hearsay," including the case summary prepared by the Board of Examiners of Sex Offenders (*People v Hucks*, 72 AD3d 1608, 1609, *lv denied* 15 NY3d 706; *see People v Cunningham*, 68 AD3d 1795, 1795-1796, *lv denied* 15 NY3d 709). Here, the case summary stated, and the indictment alleged, that defendant engaged in a course of sexual conduct with the victim that started when she was seven years old. The court therefore properly assessed 30 points against defendant under risk factor 5.

Points may be assessed under risk factor 6 in the event that the victim was "physically helpless" when the sexual crime was committed. Here, defendant pleaded guilty to rape in the first degree pursuant to Penal Law § 130.35 (2). A person is guilty of that crime "when he or

she engages in sexual intercourse with another person . . . [w]ho is incapable of consent by reason of being physically helpless" (*id.*). According to the case summary, the victim alleged that she was sleeping on one occasion when defendant began to rape her.  We have repeatedly concluded that a victim who is asleep during a sexual assault or "the beginning portion of the sexual assault" is physically helpless for the purposes of risk factor 6 (*People v Vaughn*, 26 AD3d 776, 777; *see People v Cullen*, 60 AD3d 1466, *lv denied* 12 NY3d 712; *People v Harris*, 46 AD3d 1445, 1446, *lv denied* 10 NY3d 707).

Finally, there is no merit to defendant's further contention that the court, by assessing points against him under risk factors 5 and 6, engaged in impermissible double-counting.  "Points may be properly [assessed] under both [risk factors] where[, as here,] a child victim is . . . asleep at the beginning of the sexual offense" (*People v Rhodehouse*, 88 AD3d 1030, 1032; *see People v Ramirez*, 53 AD3d 990, 990-991, *lv denied* 11 NY3d 710; *People v Davis*, 51 AD3d 442, *lv denied* 11 NY3d 703).

Entered:  March 16, 2012                    Frances E. Cafarell
                                            Clerk of the Court