Appeal from an order of the Monroe County Court (Vincent M. Dinolfo, J.), dated August 26, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in considering the victim’s grand jury testimony, which was not disclosed to defendant until after the SORA hearing (see generally People v Baxin, 26 NY3d 6, 11 [2015]). That contention is not preserved for our review because defendant failed to object at the hearing to the court’s consideration of the grand jury testimony, “despite [the People’s] explicit reliance thereon” (People v Jewell, 119 AD3d 1446, 1447 [4th Dept 2014], lv denied 24 NY3d 905 [2014]; see People v Wells, 138 AD3d 947, 950-951 [2d Dept 2016], lv denied 28 NY3d 902 [2016]). In any event, we conclude that the court’s consideration of the victim’s grand jury testimony constitutes harmless error. The material facts established by the victim’s testimony, i.e., that she was 10 years old or less when defendant first subjected her to sexual contact, and that she was asleep at the beginning of at least one incident of sexual contact, were independently established by reliable hearsay in the presentence report (see Baxin, 26 NY3d at 11-12; Wells, 138 AD3d at 952; see generally People v Mingo, 12 NY3d 563, 573 [2009]).
 

 Defendant further contends that the court erred in failing to address his request for a downward departure to a level two risk. That omission by the court does not require remittal because the record is sufficient for us to make our own findings of fact and conclusions of law with respect to defendant’s request (see People v McKee, 66 AD3d 854, 854 [2d Dept 2009], lv denied 13 NY3d 715 [2010]; see generally People v Urbanski, 74 AD3d 1882, 1883 [4th Dept 2010], lv denied 15 NY3d 707 [2010]). Even assuming, arguendo, that defendant preserved for our review the ground for a downward departure that he advances on appeal, i.e., that the assessment of points under risk factors 5 and 6 resulted in “an inflated . . . score” on the risk assessment instrument and thus overassessed the risk that he presents to public safety, we conclude that he failed to allege a mitigating circumstance that is not adequately taken into account by the risk assessment guidelines (see People v King, 148 AD3d 1599, 1600 [4th Dept 2017], lv denied 29 NY3d 914 [2017]; People v Carlberg, 145 AD3d 1646, 1646-1647 [4th Dept 2016]; see generally People v Gillotti, 23 NY3d 841, 861 [2014]). The assessment of points for both the age of the victim under risk factor 5 and the fact that she was asleep and therefore physically helpless under risk factor 6 “ ‘did not constitute impermissible double counting’ ” (People v Miller, 149 AD3d 1279, 1281 [3d Dept 2017]; see People v Smith, 144 AD3d 652, 653 [2d Dept 2016], lv denied 28 NY3d 915 [2017]; People v Edwards, 93 AD3d 1210, 1211 [4th Dept 2012]), and thus the application of the guidelines did not result in an overassessment of the risk that defendant presents to public safety (see generally People v Cathy, 134 AD3d 1579, 1580 [4th Dept 2015]).
 

 Present—Whalen, P.J., Centra, Peradotto, Lindley and Winslow, JJ.