People v Hamm (2020 NY Slip Op 04245)





People v Hamm


2020 NY Slip Op 04245


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


92 KA 18-02403

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DOMINIC HAMM, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Vincent M. Dinolfo, J.), entered October 12, 2018. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that remittal is required inasmuch as County Court failed to consider his request for a downward departure from his presumptive risk level. We conclude, however, that "[the] omission by the court does not require remittal because the record is sufficient for us to make our own findings of fact and conclusions of law with respect to defendant's request" (People v Augsbury, 156 AD3d 1487, 1487 [4th Dept 2017], lv denied 31 NY3d 903 [2018]). Upon our review of the record, we conclude that defendant failed to allege a mitigating circumstance that is, as a matter of law, of a kind or to a degree not adequately taken into account by the risk assessment guidelines and, to the extent that defendant adequately identified a mitigating circumstance, he failed to prove its existence by a preponderance of the evidence (see People v Gillotti, 23 NY3d 841, 861 [2014]; People v Voymas, 122 AD3d 1336, 1337 [4th Dept 2014], lv denied 25 NY3d 913 [2015]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court