People v Vega (2020 NY Slip Op 07613)





People v Vega


2020 NY Slip Op 07613


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-05631

[*1]People of State of New York, respondent,
v
Pedro Vega, appellant.


Janet E. Sabel, New York, NY (Rachel L. Pecker of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce
of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated April 10, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), at which the defendant sought a downward departure from his presumptive level three risk designation, the Supreme Court designated the defendant a level three sex offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to meet that initial burden. Contrary to his contention, the alleged fact that he scored in the moderate-low risk category on the Static-99 risk assessment instrument does not, standing alone, qualify as an appropriate mitigating factor, and the defendant did not identify any specific, unique risk factor on the Static-99 that would serve as a mitigating factor in this case (see People v Curry 158 AD3d 52, 60-61; see also People v Rivas,185 AD3d 740, 741). Contrary to the defendant's further contention, the fact that his level three risk designation will subject him to restrictions imposed by the Sexual Assault Reform Act (see Executive Law § 259-c[14]), and the consequences thereof, do not constitute a factor tending to establish that he poses "a lower likelihood of reoffense or danger to the community" so as to provide a basis for a downward [*2]departure (People v Curry, 158 AD3d at 58; see generally Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]).
Accordingly, the defendant was properly designated a level three sex offender.
RIVERA, J.P., BARROS, CONNOLLY, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court