People v Orlopp (2021 NY Slip Op 00739)





People v Orlopp


2021 NY Slip Op 00739


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


992 KA 19-01363

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRADLEY B. ORLOPP, DEFENDANT-APPELLANT. 






BELLETIER LAW OFFICE, SYRACUSE (ANTHONY BELLETIER OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Wayne County Court (Daniel G. Barrett, J,), dated August 22, 2018. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in assessing points under both risk factor 5 and risk factor 6. We reject that contention. "The assessment of points for both the age of the victim under risk factor 5 and the fact that she was asleep and therefore physically helpless under risk factor 6 did not constitute impermissible double counting" (People v Augsbury, 156 AD3d 1487, 1488 [4th Dept 2017], lv denied 31 NY3d 903 [2018] [internal quotation marks omitted]). "A person who is asleep or unable to communicate as a result of voluntary intoxication is considered to be physically helpless" (People v Bjork, 105 AD3d 1258, 1260 [3d Dept 2013], lv denied 21 NY3d 1040 [2013], cert denied 571 US 1213 [2014]; see generally Penal Law § 130.00 [7]; People v Edison, 167 AD3d 769, 770-771 [2d Dept 2018], lv denied 33 NY3d 947 [2019]). Inasmuch as the evidence showed that the victim was asleep due to intoxication at the time defendant engaged in sexual contact with her, the People established that "the victim's physical helplessness was not the result of, or in any way connected with, her age" (People v Caban, 61 AD3d 834, 835 [2d Dept 2009], lv denied 13 NY3d 702 [2009]; see e.g. Augsbury, 156 AD3d at 1488; People v Edwards, 93 AD3d 1210, 1211 [4th Dept 2012]; cf. People v Fisher, 22 AD3d 358, 358-359 [1st Dept 2005]).
Defendant further contends that the court should have granted him a downward departure from his presumptive risk level because he did not have any prior sex offense convictions, the instant offense did not involve forcible compulsion, and the victim initially told the police that the sexual encounter was consensual. As a preliminary matter, we conclude that defendant's contention is not preserved for our review. Although defense counsel challenged risk factor determinations, he "never asked [the] [c]ourt to use its discretion to depart from the Board's recommendation. He made only legal arguments, directed at the interpretation of the Guidelines" or whether the People met a particular burden of proof (People v Johnson, 11 NY3d 416, 421 [2008] [emphasis added]; cf. People v George, 141 AD3d 1177, 1178 [4th Dept 2016]). In any event, we conclude that defendant "failed to prove, by a preponderance of the evidence, a 'mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines' " (People v Cox, 181 AD3d 1184, 1186 [4th Dept 2020], lv denied 35 NY3d 909 [2020]; see Augsbury, 156 AD3d at 1487-1488; see generally People v Gillotti, 23 NY3d 841, 861-862 [2014]).
Finally, we reject defendant's contention that he was denied effective assistance of counsel. Although "[a] sex offender facing risk level classification under SORA has a right to the effective assistance of counsel" (People v Willingham, 101 AD3d 979, 979 [2d Dept 2012]), we conclude that, "viewing the evidence, the law and the circumstances of this case in totality and as of the time of representation, defendant received effective assistance of counsel" (People v Russell, 115 AD3d 1236, 1236 [4th Dept 2014]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court