People v Stack (2021 NY Slip Op 03958)





People v Stack


2021 NY Slip Op 03958


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


496 KA 19-00987

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL J. STACK, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Genesee County Court (Charles N. Zambito, J.), dated March 26, 2019. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in assessing points under both risk factor 5 and risk factor 6. We reject that contention. "The assessment of points for both the age of the victim under risk factor 5 and the fact that she was asleep and therefore physically helpless under risk factor 6 [does] not constitute impermissible double counting" (People v Orlopp, 191 AD3d 1357, 1357 [4th Dept 2021] [internal quotation marks omitted]; see People v Augsbury, 156 AD3d 1487, 1488 [4th Dept 2017], lv denied 31 NY3d 903 [2018]). Inasmuch as the evidence established that one of defendant's victims was asleep at the time defendant engaged in sexual contact with her, the People established that "the victim's physical helplessness was not the result of, or in any way connected with, her age" (People v Caban, 61 AD3d 834, 835 [2d Dept 2009], lv denied 13 NY3d 702 [2009]; see e.g. Augsbury, 156 AD3d at 1488; People v Edwards, 93 AD3d 1210, 1211 [4th Dept 2012]; cf. People v Fisher, 22 AD3d 358, 358-359 [1st Dept 2005]).
Defendant's contention that the court should have granted him a downward departure from his presumptive risk level is not preserved for our review (see Orlopp, 191 AD3d at 1358). Although defense counsel challenged the risk factor determinations, he "never asked [the] [c]ourt to use its discretion to depart from the Board's recommendation. He made only legal arguments, directed at the interpretation of the [g]uidelines" (People v Johnson, 11 NY3d 416, 421 [2008]). In any event, while defendant argues that he should be granted a downward departure because he completed sex offender and substance abuse treatment while incarcerated, "the case summary [here] did not show that the defendant's response to treatment was exceptional, and the defendant did not submit any other evidence to so demonstrate" (People v Pendleton, 112 AD3d 600, 601 [2d Dept 2013]), and thus defendant did not establish "by a preponderance of the evidence, a mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Orlopp, 191 AD3d at 1358 [internal quotation marks omitted]; see People v Antonetti, 188 AD3d 1630, 1631-1632 [4th Dept 2020], lv denied 36 NY3d 910 [2021]; Pendleton, 112 AD3d at 601).
Finally, we reject defendant's contention that he was denied effective assistance of counsel. Although "[a] sex offender facing risk level classification under SORA has a right to the effective assistance of counsel" (People v Willingham, 101 AD3d 979, 979 [2d Dept 2012]), we conclude that, "viewing the evidence, the law and the circumstances of this case in totality [*2]and as of the time of representation, defendant received effective assistance of counsel" (People v Russell, 115 AD3d 1236, 1236 [4th Dept 2014]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court