People v Dziedzic (2021 NY Slip Op 04885)





People v Dziedzic


2021 NY Slip Op 04885


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


660 KA 20-00702

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN E. DZIEDZIC, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JOHN J. MORRISSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Genesee County Court (Charles N. Zambito, J.), dated March 12, 2020. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that he is entitled to a downward departure from his presumptive risk level based upon his advanced age, degenerative disc condition, and low risk of reoffending. We reject that contention. Defendant, who committed murder in the second degree while on parole for an attempted rape in the first degree conviction, "failed to demonstrate by a preponderance of the evidence that his alleged medical impairments at the time of the SORA determination would reduce the risk of his own recidivism or the danger he poses to the community" (People v Williams, 172 AD3d 1923, 1924 [4th Dept 2019], lv denied 33 NY3d 913 [2019]; see People v Wallason, 169 AD3d 728, 729 [2d Dept 2019], lv denied 33 NY3d 905 [2019]; People v Mota, 165 AD3d 988, 989 [2d Dept 2018], lv denied 32 NY3d 917 [2019]). The fact that an evaluator found that he was a low risk to reoffend "does not, standing alone, qualify as an appropriate mitigating factor, and . . . defendant did not identify any specific, unique risk factor on the [evaluator's assessment] that would serve as a mitigating factor in this case" (People v Vega, 189 AD3d 1288, 1289 [2d Dept 2020], lv denied 36 NY3d 913 [2021]).
Defendant's further contentions that County Court rendered an improper medical conclusion and that the court erred in considering a statement purported to be from the victim without adequate foundation are not preserved for our review (see People v Augsbury, 156 AD3d 1487, 1487 [4th Dept 2017], lv denied 31 NY3d 903 [2018]; People v Jewell, 119 AD3d 1446, 1447 [4th Dept 2014], lv denied 24 NY3d 905 [2014]; People v Walter, 100 AD3d 1442, 1443 [4th Dept 2012]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court