People v Simmons (2022 NY Slip Op 02706)

People v Simmons

2022 NY Slip Op 02706

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

366 KA 21-01087

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEREMIAH SIMMONS, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Vincent M. Dinolfo, J.), entered July 4, 2021. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that remittal is required inasmuch as Supreme Court failed to consider his request for a downward departure from his presumptive risk level. Although we agree with defendant that the court failed to consider his request, we conclude that "[the] omission by the court does not require remittal because the record is sufficient for us to make our own findings of fact and conclusions of law with respect to defendant's request" (People v Augsbury, 156 AD3d 1487, 1487 [4th Dept 2017], lv denied 31 NY3d 903 [2018]; see People v Hamm, 185 AD3d 1493, 1494 [4th Dept 2020], lv denied 35 NY3d 916 [2020]; cf. People v Davis, 145 AD3d 1625, 1626 [4th Dept 2016], lv dismissed 29 NY3d 976 [2017]). Even assuming, arguendo, that defendant identified a mitigating factor that was of a kind or to a degree not adequately taken into account by the guidelines (see People v Gillotti, 23 NY3d 841, 861 [2014]), however, we conclude that defendant did not "adduce[] sufficient evidence to meet [his] burden of proof in establishing that the alleged . . . mitigating circumstance[] actually exist[ed]" (id.; see Hamm, 185 AD3d at 1494).
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court