People v Finster (2023 NY Slip Op 01395)

People v Finster

2023 NY Slip Op 01395

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

134 KA 21-01613

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DALE FINSTER, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Ontario County Court (Brian D. Dennis, J.), entered October 14, 2021. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order designating him a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). Contrary to defendant's contention, County Court did not abuse its discretion in denying defendant's request for a downward departure from the presumptive risk level (see People v Ricks, 124 AD3d 1352, 1352 [4th Dept 2015]; see generally People v Howard, 27 NY3d 337, 341 [2016]; People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant preserved his contention for our review with respect to only two of the multiple alleged mitigating factors or circumstances he now asserts (see People v Reber, 145 AD3d 1627, 1627-1628 [4th Dept 2016]; People v Uphael, 140 AD3d 1143, 1144-1145 [4th Dept 2016], lv denied 28 NY3d 908 [2016]), and we decline to exercise our power to review the unpreserved factors or circumstances as a matter of discretion in the interest of justice (see generally People v Roman, 179 AD3d 1455, 1455-1456 [4th Dept 2020], lv denied 35 NY3d 907 [2020]).
With respect to the first preserved factor, defendant's strong family support network is adequately taken into account by the guidelines and thus improperly asserted as a mitigating factor (see generally Gillotti, 23 NY3d at 861; People v Hawthorne, 158 AD3d 651, 654 [2d Dept 2018], lv denied 31 NY3d 909 [2018]; People v June, 150 AD3d 1701, 1702 [4th Dept 2017]). With respect to the second, although defendant contends that acceptance of responsibility "would have required him to make admissions against his interest" in light of a pending direct appeal from the underlying judgment of conviction, a factor that we have previously determined to be a "mitigating factor[] of a kind or to a degree, not otherwise adequately taken into account by the guidelines" (People v Kearns, 68 AD3d 1713, 1714 [4th Dept 2009] [internal quotation marks omitted]), we nevertheless conclude, based upon "the totality of the circumstances," that a downward departure is not warranted (Howard, 27 NY3d at 341).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court