People v Snyder (2023 NY Slip Op 04069)

People v Snyder

2023 NY Slip Op 04069

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

567 KA 22-01653

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID SNYDER, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), entered November 17, 2022. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that Supreme Court erred in refusing to grant him a downward departure from his presumptive risk level. We reject that contention.
Initially, we agree with defendant that the court failed to set forth its findings of fact and conclusions of law in determining defendant's request for a downward departure (see People v Antonetti, 188 AD3d 1630, 1631 [4th Dept 2020], lv denied 36 NY3d 910 [2021]). Correction Law § 168-n (3) requires a court making a risk level determination pursuant to SORA to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based." Here, defendant requested a downward departure from his presumptive risk level based upon mitigating factors, including his response to a sex offender treatment program and his completion of substance abuse treatment. Although the court stated that it considered the mitigating factors, the court made no specific mention of them or how it reached its determinations with respect to those factors. Inasmuch as the record is sufficient for us to make our own findings of fact and conclusions of law, however, remittal is not required (see Antonetti, 188 AD3d at 1631; People v Urbanski, 74 AD3d 1882, 1883 [4th Dept 2010], lv denied 15 NY3d 707 [2010]).
Defendant contends that the court should have granted his request for a downward departure based on his record pertaining to the sex offender treatment. Although defendant is correct that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]), we conclude that defendant failed to meet his burden of proving by a preponderance of the evidence that his response to sex offender treatment was exceptional (see Antonetti, 188 AD3d at 1631; People v Rivera, 144 AD3d 1595, 1596 [4th Dept 2016], lv denied 28 NY3d 915 [2017]).
Defendant further contends that he was entitled to a downward departure because, inter alia, he accepted responsibility for his crimes, completed substance abuse treatment and received mental health treatment while incarcerated, and had acceptable conduct in prison. Even assuming, arguendo, that defendant established mitigating factors not already contemplated by [*2]the risk assessment guidelines by a preponderance of the evidence, we nevertheless conclude, based upon the totality of the circumstances, including defendant's history of sex abuse against children and adamant denial of his sex abuse against his daughter in his presentence investigation report interview, that a downward departure is not warranted (see Antonetti, 188 AD3d at 1632; see generally People v Gillotti, 23 NY3d 841, 861 [2014]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court