People v Webster (2024 NY Slip Op 00577)

People v Webster

2024 NY Slip Op 00577

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

1051 KA 22-02016

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KYLE J. WEBSTER, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Livingston County Court (Kevin Van Allen, J.), entered November 28, 2022. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in applying a presumptive override as recommended by the Board of Examiners of Sex Offenders (Board) in its risk assessment instrument (RAI) and that, alternatively, he is entitled to a downward departure to a level two risk. We affirm.
"[T]o determine an offender's risk level, the Board provides the court with a[n RAI] that assigns numerical values to various risk factors in accordance with the SORA Risk Assessment Guidelines and Commentary, resulting in an aggregate score that presumptively places an offender in a particular risk level" (People v Weber, 40 NY3d 206, 210 [2023]; see Correction Law § 168-l; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [Guidelines]; see also People v Francis, 30 NY3d 737, 743-744 [2018]). "An offender may also be subject to an automatic override to a higher [presumptive] risk level than allotted by the point score" (People v Worley, 40 NY3d 129, 132 n 1 [2023]; see Guidelines at 3-4; see also People v Mingo, 12 NY3d 563, 568 n 2 [2009]; People v Johnson, 11 NY3d 416, 418 [2008]). "The risk level calculated from aggregating the risk factors and from applying the overrides is 'presumptive' because the Board or court may depart from it if special circumstances warrant" (Guidelines at 4). Consequently, "[e]ither party to a SORA proceeding may request that the court depart from the presumptive risk level based on aggravating or mitigating factors 'of a kind or to a degree not adequately taken into account by the [G]uidelines' " (Worley, 40 NY3d at 132 n 1, quoting People v Gillotti, 23 NY3d 841, 861 [2014]; see Guidelines at 4-5). "Given the sequential structure of the departure process[,] . . . a SORA court cannot assess a departure request until an offender's presumptive risk level has been determined" (Weber, 40 NY3d at 215). Indeed, "both the Guidelines and [SORA] jurisprudence make clear that the presumptive risk level is first determined through application of the Guidelines and the RAI—whether through allocation of points or a presumptive override to level three—and is the starting point for the departure analysis" thereafter conducted under the framework set forth in Gillotti (id. at 215 n 6). SORA requires a court making a risk level determination to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]), including its determination with respect to a request for a departure from the presumptive risk level (see e.g. People v Snyder, 218 AD3d 1356, 1356 [4th Dept 2023]; People v Dean, 169 AD3d 1414, 1415 [4th Dept 2019]).
Here, as defendant correctly concedes, his contention that the court erred in applying the presumptive override based on his prior felony conviction for a sex crime (see Guidelines at 3-4) is not preserved for our review inasmuch as defendant's "objection to the [application of the override] at the SORA hearing was made on a different ground than the . . . ground[s] he raises on appeal" (People v Leach, 158 AD3d 1240, 1240 [4th Dept 2018], lv denied 31 NY3d 905 [2018] [internal quotation marks omitted]; see People v Ratcliff, 53 AD3d 1110, 1110 [4th Dept 2008], lv denied 11 NY3d 708 [2008]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see generally People v Roman, 179 AD3d 1455, 1455-1456 [4th Dept 2020], lv denied 35 NY3d 907 [2020]).
Next, although we agree with defendant that the court failed to address his request for a downward departure from his presumptive risk level, we conclude that "[the] omission by the court does not require remittal because the record is sufficient for us to make our own findings of fact and conclusions of law with respect to defendant's request" (People v Augsbury, 156 AD3d 1487, 1487 [4th Dept 2017], lv denied 31 NY3d 903 [2018]; see Snyder, 218 AD3d at 1356-1357; People v Simmons, 204 AD3d 1445, 1446 [4th Dept 2022], lv denied 38 NY3d 912 [2022]).
Defendant contends that he is entitled to a downward departure to a level two risk based on his purportedly exceptional response to both sex offender and mental health treatment. "[W]hile an offender's response to treatment, 'if exceptional' . . . , may constitute a mitigating factor to serve as the basis for a downward departure" (People v Scott, 186 AD3d 1052, 1054 [4th Dept 2020], lv denied 36 NY3d 901 [2020], quoting Guidelines at 17), we conclude that, here, defendant failed to prove by the requisite preponderance of the evidence (see Gillotti, 23 NY3d at 861) that his response to treatment was exceptional (see People v Antonetti, 188 AD3d 1630, 1631 [4th Dept 2020], lv denied 36 NY3d 910 [2021]; Scott, 186 AD3d at 1054; People v June, 150 AD3d 1701, 1702 [4th Dept 2017]). Inasmuch as defendant failed to prove the existence of an appropriate mitigating factor, we lack the discretion to order a downward departure (see People v Loughlin, 145 AD3d 1426, 1428 [4th Dept 2016], lv denied 29 NY3d 906 [2017]; People v Johnson, 120 AD3d 1542, 1542 [4th Dept 2014], lv denied 24 NY3d 910 [2014]; see generally Gillotti, 23 NY3d at 861).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court