People v Dyer (2024 NY Slip Op 01630)

People v Dyer

2024 NY Slip Op 01630

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

112 KA 23-00419

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SEAN DYER, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS M. LEITH OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Rory A. McMahon, J.), entered November 30, 2022. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant, who relocated to New York State having been previously convicted of related sex offenses for possessing child pornography in California and in his prior home state of Texas, appeals from an order determining that he is a level two risk. We affirm.
Initially, we agree with defendant that Supreme Court failed to set forth its findings of fact and conclusions of law as required by Correction Law § 168-n (3) in determining defendant's request for a downward departure (see People v Webster, — AD3d &mdash, &mdash, 2024 NY Slip Op 00577, *1 [4th Dept 2024]; People v Snyder, 218 AD3d 1356, 1356 [4th Dept 2023], lv denied 41 NY3d 902 [2024]; People v Cornwell, 213 AD3d 1239, 1240 [4th Dept 2023], lv denied 39 NY3d 916 [2023]). We nonetheless conclude that "[the] omission by the court does not require remittal because the record is sufficient for us to make our own findings of fact and conclusions of law with respect to defendant's request" (People v Augsbury, 156 AD3d 1487, 1487 [4th Dept 2017], lv denied 31 NY3d 903 [2018]; see Snyder, 218 AD3d at 1356-1357; see generally People v Palmer, 20 NY3d 373, 380 [2013]).
We reject defendant's contention that he is entitled to a downward departure from his presumptive level two risk. Contrary to defendant's assertion, his lack of a prior criminal history, satisfactory conduct while confined, strong family support network, and engagement in sex offender treatment do not constitute proper mitigating factors inasmuch as those circumstances were adequately taken into account by the risk assessment guidelines (see People v Swartz, 216 AD3d 1426, 1427 [4th Dept 2023], lv denied 40 NY3d 906 [2023]; People v Finster, 214 AD3d 1336, 1337 [4th Dept 2023], lv denied 39 NY3d 916 [2023]; People v Scott, 186 AD3d 1052, 1054 [4th Dept 2020], lv denied 36 NY3d 901 [2020]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13, 16-18 [2006] [Guidelines]; see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Although an offender's response to sex offender treatment, if exceptional, may provide a basis for a downward departure (see Guidelines at 17; Swartz, 216 AD3d at 1427), we conclude that defendant failed to meet his burden of proving by a preponderance of the evidence that his response to treatment was exceptional (see People v June, 150 AD3d 1701, 1702 [4th Dept 2017]; People v Martinez, 104 AD3d 924, 924-925 [2d Dept 2013], lv denied 21 NY3d 857 [2013]).
With respect to defendant's assertion that his advanced college degree in computer science and purported past employment history are mitigating circumstances, we conclude that defendant " 'failed to demonstrate by a preponderance of the evidence how th[ose] alleged mitigating circumstance[s] would reduce his risk of sexual recidivism or danger to the community' " (Swartz, 216 AD3d at 1427; see People v Davis, 170 AD3d 1519, 1520 [4th Dept 2019], lv denied 33 NY3d 907 [2019]).
Defendant correctly asserts that "a prolonged period at liberty without any reoffending sexual conduct constitutes a mitigating circumstance that is, 'as a matter of law, of a kind or to a degree not adequately taken into account by the [G]uidelines' " (People v Gatling, 204 AD3d 1428, 1429 [4th Dept 2022], lv denied 38 NY3d 912 [2022], quoting Gillotti, 23 NY3d at 861; see People v Edwards, 200 AD3d 1594, 1595 [4th Dept 2021]; People v Sotomayer, 143 AD3d 686, 687 [2d Dept 2016]; see also People v Burgess, 191 AD3d 1256, 1256-1257 [4th Dept 2021]) and that he proved the existence of that mitigating circumstance by a preponderance of the evidence (see People v Wright, 215 AD3d 1258, 1259 [4th Dept 2023], lv denied 40 NY3d 904 [2023]; Edwards, 200 AD3d at 1595; cf. Gatling, 204 AD3d at 1429-1430).
Nevertheless, even upon considering that mitigating circumstance and assuming, arguendo, that defendant established the existence of certain additional mitigating circumstances—namely, "the statistically low likelihood that a child pornography offender will commit hands-on sex offenses in the future" (Gillotti, 23 NY3d at 864) and the fact that points were assessed under risk factors 3 and 7 for convictions based upon the collection of a small number of images depicting child sexual abuse over a relatively brief period of time (see People v Fernandez, 219 AD3d 760, 762-763 [2d Dept 2023], lv denied 41 NY3d 902 [2024]; People v Sestito, 195 AD3d 869, 870 [2d Dept 2021])—we conclude that the totality of the circumstances does not warrant a downward departure inasmuch as defendant's presumptive risk level does not represent an over-assessment of his dangerousness and risk of sexual recidivism (see People v Burgio, 214 AD3d 1444, 1444-1445 [4th Dept 2023], lv denied 39 NY3d 916 [2023]; People v Paine, 207 AD3d 1202, 1203 [4th Dept 2022], lv denied 39 NY3d 902 [2022]; cf. People v Morana, 198 AD3d 1275, 1276-1277 [4th Dept 2021]; see generally People v Sincerbeaux, 27 NY3d 683, 689-691 [2016]; Gillotti, 23 NY3d at 861). Indeed, defendant acknowledges in his brief on appeal that the extent of monitoring and public notification to which he was subject in Texas was "sufficient and appropriate," and he simply requests that his classification in New York not result in "unnecessarily increased" monitoring and public notification. Contrary to defendant's assertion, however, the record and the law establish that the relevant consequences in each state are comparable inasmuch as defendant was subject, as a level one risk under Texas's system, to lifetime registration due to his possession of child pornography conviction and to public listing on the registry website (see Tex Code Crim Pro Ann arts 62.005, 62.101 [a] [2]) and inasmuch as he will likewise be subject, as a level two risk in New York, to lifetime registration (Correction Law § 168-h [2]) unless he successfully petitions for relief after 30 years (§ 168-o [1]) and to public listing on the registry website (§ 168-q).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court