People v Nichols (2024 NY Slip Op 02433)

People v Nichols

2024 NY Slip Op 02433

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

237 KA 23-00841

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEFAN D. NICHOLS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Monroe County Court (Michael L. Dollinger, J.), dated April 11, 2023. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court should have granted his request for a downward departure from risk level three to risk level two. Initially, we note that, although the court failed to set forth its findings of fact and conclusions of law in denying defendant's request for a downward departure, "the record is sufficient for us to make our own findings of fact and conclusions of law," thereby obviating the need for remittal (People v Snyder, 218 AD3d 1356, 1356 [4th Dept 2023], lv denied 41 NY3d 902 [2024]; see People v Antonetti, 188 AD3d 1630, 1631 [4th Dept 2020], lv denied 36 NY3d 910 [2021]). With respect to the merits, even assuming, arguendo, that defendant adequately identified mitigating circumstances that are, as a matter of law, of a kind or to a degree not adequately taken into account by the Guidelines and proved their existence by a preponderance of the evidence (see generally People v Gillotti, 23 NY3d 841, 861 [2014]), we conclude, based upon the totality of the circumstances, that a downward departure is not warranted (see People v Burgess, 191 AD3d 1256, 1257 [4th Dept 2021]; see generally Gillotti, 23 NY3d at 861).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court