People v Iqbal (2024 NY Slip Op 05593)

People v Iqbal

2024 NY Slip Op 05593

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2023-04900

[*1]The People of the State of New York, respondent,
v
Raja Iqbal, appellant. Patricia Pazner, New York, NY (Anna . Boksenbaum of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and David E. Mehl of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated May 12, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In February 2015 the defendant was convicted of rape in the first degree upon his plea of guilty. In May 2023, the Supreme Court held a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C). The court assessed the defendant 130 points under the risk assessment instrument, constituting a presumptive level three sex offender designation. The defendant then requested a downward departure from the presumptive risk level, and the court denied the request. The court then designated the defendant a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861).
Here, the defendant failed to sustain his burden of proof in support of his request for a downward departure, as the purported mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or did not establish a lower likelihood of reoffense or danger to the community (see People v Vega, 189 AD3d 1288, 1289; People v Rivas, 185 AD3d 740, 740-741).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level three sex offender.
DUFFY, J.P., MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court