People v Gadsen (2025 NY Slip Op 00682)

People v Gadsen

2025 NY Slip Op 00682

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2021-07096

[*1]The People of the State of New York, respondent, 
v
Bobby Gadsen, appellant. 

Twyla Carter, New York, NY (Everett K. Hopkins of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Jeffrey Eng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated September 24, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, after a hearing, assessed the defendant a total of 185 points on the risk assessment instrument, denied his application for a downward departure from the presumptive risk level, and designated him a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Khan, 182 AD3d 613, 614; see People v Gillotti, 23 NY3d at 861).
Here, the Supreme Court properly denied the defendant's application for a downward departure. The alleged mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or did not warrant a downward departure (see People v Bonet, 225 AD3d 633, 635; People v Vega, 189 AD3d 1288, 1289). The defendant's contention that his age of 44 years old at the time of the SORA hearing warrants a downward departure is unpreserved for appellate review, as he failed to raise this factor at the SORA hearing (see People v Hernandez, 225 AD3d 903, 904-905). In any event, the defendant's contention is without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court