People v Holman (2025 NY Slip Op 01476)

People v Holman

2025 NY Slip Op 01476

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., GREENWOOD, DELCONTE, AND HANNAH, JJ.

117 KA 24-00634

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAYMOND HOLMAN, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Victoria M. Argento, J.), dated January 2, 2024. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that Supreme Court erred in refusing to grant him a downward departure from risk level three to risk level two. Initially, we agree with the People that, "although the court failed to set forth its findings of fact and conclusions of law in denying defendant's request for a downward departure, the record is sufficient for us to make our own findings of fact and conclusions of law, thereby obviating the need for remittal" (People v Allis, 229 AD3d 1375, 1376 [4th Dept 2023] [internal quotation marks omitted]; see People v Snyder, 218 AD3d 1356, 1356-1357 [4th Dept 2023], lv denied 41 NY3d 902 [2024]). With respect to the merits, even assuming, arguendo, that defendant adequately identified mitigating circumstances that are, as a matter of law, of a kind or to a degree not adequately taken into account by the risk assessment guidelines and proved their existence by a preponderance of the evidence (see generally People v Gillotti, 23 NY3d 841, 861 [2014]), we conclude, based upon the totality of the circumstances, that a downward departure is not warranted (see Allis, 229 AD3d at
1376; People v Burgess, 191 AD3d 1256, 1257 [4th Dept 2021]; see generally Gillotti, 23 NY3d at 861).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court